## NATHAN GEORGE *vs.* POLLY WOOD.

The premises granted in a deed were described as beginning on a street; thence running N. ten rods, nineteen links; thence E. one hundred and twenty-two feet to the southerly corner of land of A. B.; thence running S. ten rods to the street; and thence on the street to the place of beginning. This description was erroneous. The southerly corner of A. B.'s land was only seven rods from the street; in order to reach that corner by the courses described, the first line should have been but seven rods and nineteen links in length; and the first and second lines, if run out according to the courses and distances given, would include A. B.'s land, leading to his northerly corner, which was three rods from his southerly corner. *Held*, that the reference to A. B.'s southerly corner must prevail, and that the distances mentioned in the first and third lines must be rejected.

BILL IN EQUITY setting forth that the plaintiff held a second mortgage, which he had duly foreclosed, upon a small lot of land, which was included in a larger lot, upon which the defendant, as administratrix of Asa Wood, held a first mortgage; that the mortgagor, who executed both mortgages, afterwards executed a deed of warranty to the plaintiff of the small lot covered by his second mortgage, and also other deeds of different portions of the residue of the larger lot to different persons; that the defendant, for the purpose of making perfect the titles of the various grantees, undertook to execute a release of the whole of the larger lot to the mortgagor; but that the description in the release was so drawn that it was uncertain whether or not it included the small lot. The prayer was, that the release might be reformed, if by the true construction of it the small lot was not included therein; or that the plaintiff might redeem the first mortgage, paying what, if anything, should be found due thereon.

The following is a plan of the premises, the heavy line including the larger lot mortgaged to the defendant's intestate :

George *v.* Wood.

North.

N. George.   D. Finley.

3 rods.   3 rods.

S. 70° E.   122 feet.

Private way.

7 rods, 19 links.

7 rods.

Bow Street.

The description in the release of the defendant was as follows: "Beginning at the westerly corner, where a private way intersects the northerly side of Bow Street; thence running northerly by and on said private way, N. 19¼° E. ten rods and nineteen links; thence running S. 70° E. one hundred and twenty-two feet to the southerly corner of land of Daniel Finley; thence running S. 19° W. ten rods, to said Bow Street; thence running on said Bow Street seven rods and ten links to the place of beginning."

It was conceded by both parties, at the hearing before *Chapman,* J., that this description was erroneous, that if the courses and distances of the first two lines were correct the end of the second line would be at Finley's northeast corner, and that if these lines were thus run the whole of the small lot would be included in the release. The plaintiff contended that this was the true construction of the deed, and the judge so ruled; and reserved the case for the determination of the full court.

*P. C. Bacon,* (*P. E. Aldrich* with him,) for the plaintiff. This

is a case of false demonstration, and the southerly corner of Finley's land was inserted by mistake for the northerly corner. The rule is by no means inflexible that monuments control courses and distances. *Parks* v. *Loomis*, 6 Gray, 472. *Bosworth* v. *Sturtevant*, 2 Cush. 393. *Thatcher* v *Howland*, 2 Met. 41. *Davis* v. *Rainsford*, 17 Mass. 207. *Hamilton* v. *Foster*, 45 Maine, 32. 2 Washburn on Real Prop. 628. The improbability that so great a mistake would be made in the length of the lines on each side of so small a lot is very strong; and the courses and distances undoubtedly express correctly the intention of the parties. But if the court reject this construction, then the second line should run from the end of the first line diagonally across to the southerly corner of Finley's land; and this would include the bulk of the plaintiff's lot.

*T. G. Kent*, for the defendant, cited *Clark* v. *Munyan*, 22 Pick. 410; *Flagg* v. *Thurston*, 13 Pick. 145; *Pernam* v. *Wead*, 6 Mass. 131; *Howe* v. *Bass*, 2 Mass. 380.

CHAPMAN, J. In the description of the land conveyed by the release of Polly Wood, the course of the northerly line and the monument at the end of it are to govern, rather than the length of the easterly and westerly lines; and by this course and monument the premises sought to be redeemed are excluded from the description.